CLIFFORD WILLIAMS & al. *versus* SAMUEL BURRILL & al.

In an action on a poor debtor bond, where the certificate, or record, of persons acting as justices of the peace and of the quorum, stating that they had administered the poor debtor's oath to the debtor, is introduced in evidence by the defendants, it is competent for the plaintiff to prove by parol testimony that such persons had no jurisdiction of the subject.

Two justices of the peace and of the quorum must appear at the time and place fixed in the notice from the debtor to the creditor, for the purpose of acting in the matter, before any legal act can be done. If therefore but one appear, he has no power under the statute to adjourn until a subsequent time.

And if the attorney of the creditor should consent to such adjournment by one-justice, not being conformable to the statute provisions, it would still be invalid.

DEBT on a poor debtor bond, dated June 28, 1841, given by the defendants to procure the release of Samuel Burrill from arrest on an execution in favor of the plaintiffs. At the trial before WHITMAN C. J. after the bond had been read in evidence, the defendants produced and read the certificate of two justices of the peace and of the quorum of the county, dated Nov. 29, 1841, wherein they say that one of them was selected by the debtor and the other by the attorney of the plaintiffs, and that they had examined the notice and found,

Williams v. Burrill.

"that the debtor had notified the creditors of the time and place," &c. and that they duly administered the poor debtor's oath to Samuel Burrill. The plaintiffs then offered to prove by parol testimony certain facts tending to show, that the proceedings before the justices were irregular, and that they had no jurisdiction in the case. The defendants objected to the introduction of such testimony, and contended that the record of the justices was conclusive evidence on this subject. The presiding Judge ruled, that the testimony was admissible, but before it was introduced, the defendants offered in evidence a paper signed by one of the justices, and alleged it was a part of the record of the proceedings of the justices, and again contended that this record was conclusive evidence of the facts stated therein, and that the parol evidence was inadmissible. This paper set forth, that Samuel Burrill appeared before him at his dwellinghouse on Nov. 22, 1841, and entered his application to take the benefit of the poor debtor act; that the debtor selected him, and that the attorney of the creditors selected the person, who acted as a justice with him on the 29th, as the other justice, who was not then present; that the parties, on the motion of the creditors' attorney, agreed that the application should be continued to the 25th, and from that time to the 29th of November, and that it was so done by him. The notice to the creditors was to appear on the 22d of November. The presiding Judge again ruled, that the testimony offered by the plaintiffs was admissible. The plaintiffs objected to the admissibility of the papers offered as records, and offered to prove that they were made up on the day before the trial. The Judge admitted the papers alleged to be records in evidence, and allowed the plaintiffs to show when they were made up, the defendants objecting thereto. Testimony was introduced by the plaintiffs tending to show, that the plaintiffs' attorney in the suit against Burrill did not designate any justice to act for the plaintiffs, and did not consent to the postponement to the 29th; and the defendants introduced testimony tending to prove the contrary. Both parties agreed, that but one justice had knowledge of any of the proceedings until

Nov. 29, and that the attorney of the plaintiffs did appear before the justices on the latter day, and put interrogatories to Burrill, and urged a decision in his own favor by the justices. And it did not appear that he objected to their proceedings.

One of the justices testified, that Mr. Smith, then the attorney of the plaintiffs, on Nov. 29, objected to the administering of the oath, unless the debtor would give a quitclaim deed of a supposed interest in certain real estate; that the other justice wished that the oath should then be administered; that he had himself agreed to it, but after this objection had some doubts, but should have decided to administer the oath; that there was something said about taking counsel; and that it was finally agreed by Mr. Smith, the attorney of the plaintiffs, the other justice, the debtor and himself, that the administering of the oath should be postponed for him to take counsel, and that if he was satisfied that it ought to be done, he should administer the oath to the debtor at another time without the other justice being present, and that the proceedings should be considered the same as if administered in the presence of both justices; and that in the course of a week or fortnight, having become confirmed in his opinion by consulting counsel, he administered the oath to the debtor, in conformity with the arrangement, made out the certificate and signed it, and it was afterwards signed by the other justice.

Upon all the evidence in the case, it was intimated to the defendants by the presiding Judge, that upon the law of the case, the instruction of the Court to the jury would probably be against them. Whereupon a default was entered by consent; and it was agreed, that if upon the evidence legally admissible in the case, on the one side and upon the other, the plaintiffs were entitled to recover, the default was to stand; and if not, that it should be set aside and a nonsuit entered.

The case was very fully argued in writing.

Moor, for the defendants, argued in support of these, among other positions.

The certificate, presented by the defendants, of the two justices of the peace and of the quorum, that the debtor had no-

tified the creditor according to law of the time and place of the examination and administering of the oath to the debtor, is conclusive evidence of that fact, and it is not competent for the plaintiffs to go behind their certificate, and raise subsequently any question as to the sufficiency of the notice, for the purpose of showing that the oath was improperly administered. *Cunningham* v. *Turner*, 20 Maine R. 435; *Carey* v. *Osgood*, 18 Maine R. 152; *Agry* v. *Betts*, 3 Fairf. 415; *Black* v. *Ballard*, 13 Maine R. 239; *Matthews* v. *Houghton*, 2 Fairf. 377.

The principle sustained by the cases above cited is qualified by the condition, that the justices have jurisdiction of the subject matter to which their certificate relates. *Knight* v. *Norton*, 15 Maine R. 337; *Granite Bank* v. *Treat*, 18 Maine R. 340.

The cases already cited show, that the record of the justices is equally conclusive with their original certificate. The record of the justices, acting under the poor debtor law, is made conclusive evidence of the facts most essential to their jurisdiction, viz. notice to the creditor, and the sufficiency of that notice. The same cases also show, that the record is conclusive evidence of all the facts specified in the certificate which they are authorized by the statute to give to the debtor. It would seem, that it would be equally conclusive as to the other facts, which it may recite, that appertain to the jurisdiction of the justices. They could not act in relation to the notices until they were selected, and their certificate must be conclusive as to their own selection, or it could not be so as to the giving of the notice and the effect of it.

The time when the record was made up does not vary its legal effect. It may be made up, like the records of the Court, after adjournment. *Murray* v. *Neally*, 2 Fairf. 238; *Matthews* v. *Houghton*, before cited.

It was competent for the parties to confer the power of continuing the citation upon one justice, by mutual consent. The plaintiffs are precluded from taking advantage of it, if an error, or it would be allowing them to take advantage of their own wrong. It would be permitting them to be benefited by an error

committed at their own request. *Moore* v. *Bond*, 18 Maine R. 142. The same principle will apply to the absence of the other justice on the first day. That was at the instance of the attorney of the plaintiffs and for their accommodation.

If the manner and time of the continuance were irregular, and without an appearance of the adverse party would have been of no validity, his appearance without objection, cures the irregularities, and saves the jurisdiction. 3 Pick. 408 ; 7 Johns. R. 381 ; 9 Johns R. 136. The object of the proceedings is to afford the creditor the opportunity of appearing and examining the debtor, and if he avails himself of the opportunity, it cures the defects in the preliminary steps. *Moore* v. *Bond*, before cited.

The same principles are applicable to the administering of the oath by one justice after the day of the examination. Both justices decided that the oath should be administered. The performance of the act is necessarily by one. It could never have been intended that each justice should administer the oath.

*Wells*, for the plaintiff, said that the statute requires, that the court for the discharge of poor debtors should be organized by the choice of two justices. Rev. St. c. 148, § 46. One has no power to act alone, but in the single instance provided for in the statute, a second adjournment, if but one should be present, at the time fixed by the first adjournment. § 6, & 24. The adjournment, with this exception must be by the justices.

It is argued, that whatever is said in the certificate or record is conclusive, and can neither be contradicted nor explained by testimony. If such be the fact, as it respects the sufficiency of the notice, it is not so as to the jurisdiction or organization of the Court. *Granite Bank* v. *Treat*, 18 Maine R. 340. And it is necessary that such should be the case to furnish some security against fraud and ignorance. Here we have a certificate from which it might be supposed, so evasively is it drawn, that the time appointed in the notice to the creditor was on the 29th of November, and that the ex-

amination took place and the oath was administered on the same day. And yet it appears from the oaths of these very justices, that the time appointed in the notice was the 22d, and that the oath was not administered until some indefinite time a week or two after the 29th, and that the two justices, signing the certificate, were not together saving on the 29th, and that one of them was never informed of his being selected by any person until that day. The Court never had any legal existence, and if it ever had, it terminated before the oath was administered. *Knight* v. *Norton*, 15 Maine R. 337; *Hanson* v. *Dyer*, 17 Maine R. 96.

But the certificate, if the justices had power to act, is wholly insufficient. It neither conforms to the requirement of the statute nor to the truth. It merely says, that " the debtor had notified the creditors of the time and place."

But the statute form of the certificate of discharge does not show the manner of the selection of the justices, nor of their organization, and contemplates that they should be shown in some other manner. The question of jurisdiction is necessarily open to proof. The decisions referred to simply show, that when the Court is organized, and have jurisdiction, they are the exclusive judges, whether the notice is conformable to the statute requirements.

The other papers introduced, are not evidence, and ought not to be admitted. They do not pretend to be the act of but one justice, and have no connection with each other, or with the certificate of both. But if admissible they show no organization of the Court, or power to act. They do not however purport to be copies of records, and are mere loose certificates, and on that ground inadmissible. *Owen* v. *Boyle*, 15 Maine R. 132.

But it is said that the gentleman, who then acted as attorney of the plaintiffs, consented to the course of proceedings adopted by the defendants and the justices. He is not the person of whom they should take counsel. If he had authority to dispense with the requirements of the law, and to discharge this bond, without payment or a compliance with the

law, there should be some consideration for it, as it was merely by parol. There was none. Without this consent, the justices had no power to act, and the defendants are attempting to support the proceedings by the same kind of proof they object to on our part. But were the proof admissible, it amounts to nothing more, than that they all acted under a mistake of the law. His consent could give no authority to these men to act as a Court, when they had not been organized as such, and when it was too late to do so. If the Court had been duly organized on the 22d, they had no power to adjourn as one of them did to the 29th, and there was no adjournment after the latter day, and all acts afterwards were void. No consent could render such prooceedings valid as the doings of a Court. As well might such consent render the proceedings of these men valid as judgments, if they should undertake to act as Judges of this Court, or render a judgment valid, given in vacation, and without process or pleadings. The agreements of the parties as to their own conduct in Court, are not binding unless in writing. *Smith* v. *Wadleigh*, 17 Maine R. 353. The attorney had no power to bind the plaintiffs by any such consent. *Jenney* v. *Delesdernier*, 20 Maine R. 183.

The opinion of the Court was drawn up by

TENNEY J. — This is an action upon a bond given to liberate from arrest on execution, the principal obligor. The defence relied upon is, that the condition of the bond has been fulfilled, the debtor having been legally admitted to take the poor debtor's oath, within six months from its execution. The defendants introduced the certificate of two justices of the peace and of the quorum, in the form prescribed by law, and also introduced certain papers as records of the proceedings of the same justices, in relation to the discharge of the debtor, which documents the counsel for the defendants contended were conclusive evidence of the facts, therein stated ; but the plaintiffs were permitted to introduce parol testimony for the purpose of showing, that the justices, who signed the certifi-

cate, had no jurisdiction over the matter, against the objection of the defendants.

If the case before us presented a question touching the form of the notice to the creditors, the authority from which it issued or the service of the same ; or if objections were made to the propriety of administering the oath, on account of the insufficiency of the proof adduced, the cases cited are authority, that the certificate is conclusive. But the objection, which we are called upon to consider, relates to an earlier stage of the proceedings. It is denied that the justices who signed the certificate were a tribunal possessing any power to examine the notice, or the return of the officer who served it, to take the examination, or to administer the oath.

It must appear, that the justices of the peace and the quorum, who signed the certificate, had jurisdiction, while it has been held, that their certificate and their record was evidence of their jurisdiction, it has also been held, that neither was conclusive evidence ; and that it was competent for the creditor to prove that they had no authority to proceed in the matter. In the case cited from 3 Pick. 404, the Court say, " where there is no jurisdiction, the proceedings may be avoided by plea or evidence." In *Granite Bank* v. *Treat*, 18 Maine R. 340, it is said, " The certificate, however, would not be conclusive on this point, and it would be competent for the plaintiffs to prove that they had no jurisdiction." Suppose in a case of this kind, the plaintiffs should offer to prove by competent evidence, if any was admissible for that purpose, that the commissions of the magistrates had expired, and had not been renewed, would it be contended, that their record would be conclusive ? That the persons composing the tribunal should be justices of the peace and of the quorum, and should also be selected according to the statute, are equally material. It cannot be admitted, that persons may assume to act judicially as a tribunal of inferior jurisdiction, without in fact having the least authority, and protect their acts by a jurisdiction conclusively established by their own records.

Is it shown, that the justices had not jurisdiction at the time

the oath was administered to the debtor ? The citation to the creditors, the certificate of the two justices, dated Nov. 29, 1841, the paper signed by Nathan Fowler, justice of the peace and quorum, and another paper signed by the two justices, are in the case without objection. From these there can be no doubt, that all the proceedings were under the citation returnable at the office of Nathan Fowler, Esq. on the 22d day of November, 1841. The argument proceeds upon no other ground, and the testimony of all the witnesses confirm the fact.

The statute contemplates, that on the return of the citation and at the time fixed therein, a tribunal shall be constituted as provided in chap. 148, section 47, of the Revised Statutes. The proceedings will be invalid, unless the steps there pointed out shall be followed. At the return day of the citation in the case before us, the debtor selected a justice of the peace and of the quorum, and notified him of his wishes to proceed to the examination. No other justice was present or notified of his selection, if a selection was made. There was no tribunal at the time and place designated for the examination, clothed with the least jurisdiction over the subject.

Could the justice so selected adjourn the proceedings to a future day ? Section 24 of chapter 148, provides, that the examination shall be had before two disinterested justices of the peace and of the quorum for the county, and the justices shall have the like power to adjourn as is provided in § 6, which authorizes the justices to adjourn from time to time, if they see cause ; and if either of said justices shall not be present at such adjournment, the other may adjourn to another time. The power is given to one justice to adjourn only in this single instance, and that is in a case, where there has been organized a tribunal in every respect competent to act. A Court may adjourn its sittings. A justice of the peace may adjourn proceedings over which he has jurisdiction. But a tribunal, which has never had a being cannot be adjourned. One justice of the peace and of the quorum, though selected by one of the parties, has no more jurisdiction to examine the citation, and to commence proceedings under it, than the offi-

Williams *v.* Burrill.

cer who made service of it, and can have no power to adjourn, unless the statute confers it upon him. The authority to adjourn for the purpose of making a selection of another justice, and giving notice to him, and procuring his attendance, is not given to the one who may be selected.

Is the defect cured by the consent of the creditor's attorney, if he did consent to proceed? The jurisdiction of the justices is enacted by the statute, and not by the consent of the parties. If the proceedings were in every other respect regular, excepting that one of the justices was not of the quorum, and it was expressly agreed, that he should act, could their record be upheld? If a justice of the peace rendered a judgment in a civil action, where the debt or damage was one hundred dollars, and it appeared by the record, that he had jurisdiction over the matter by consent of the parties, is not that judgment erroneous? Can a judgment of this Court be sustained rendered in an action, it appearing to have been done by consent of parties? If the consent of parties would give two justices of the peace and of the quorum jurisdiction over the matter on the 29th November, 1841, when the citation was made returnable on the 22d of the same November, we do not perceive the necessity of any citation, to authorize the justices to act in the premises, provided the parties consent to proceed.

There is reason to suppose, that the debtor believed that he was proceeding legally, and it may be regretted that he was misled, but the plain requirements of the statutes cannot be disregarded.

*Default must stand.*